IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

        Plaintiff,

  vs.                              Criminal Action 2:07-CR-139
                                      Judge Graham

**FRANKIE VALENZUELA,**

        Defendant.

### REPORT AND RECOMMENDATION

       The United States of America and defendant Frankie Valenzuela entered into a plea agreement whereby defendant agreed to enter a plea of guilty to an information charging her with interstate travel in and of a racketeering enterprise,[1] in violation of 18 U.S.C. §1952.  On June 26, 2007, defendant, accompanied by her counsel, appeared for an arraignment.  Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a magistrate judge.  *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001) [Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed]; *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees,* 125 F.3d 261, 263-69 (5th Cir. 1997); *United States v. Ciapponi,* 77 F.3d 1247, 1251 (10th Cir. 1996).  Defendant also waived her right to an indictment in open court and after being advised of the nature of the charge and of her rights.  *See* F.R. Crim. P. 7(b).

       During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time she entered her guilty plea, defendant was in full possession of her

---

[1] The Information also contains a forfeiture count which, under the plea agreement, defendant will not contest.

faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

The undersigned addressed her personally and in open court and determined her competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charge returned in the Information and the consequences of her plea. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary. Defendant acknowledged that the plea agreement signed by her, her attorney and the attorney for the United States and filed on June 18, 2007, represents the only promises made to her by anyone regarding the charge in the Information. Defendant was advised that the district judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, defendant may nevertheless not withdraw her guilty plea.

Defendant confirmed the accuracy of the material aspects of the government's statement of facts supporting the charge. She confirmed that she is pleading guilty to count one of the Information and agrees not to contest the forfeiture count because she is in fact guilty of the offense charged in the Information. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to count one of the Information, and her agreement not to contest the forfeiture count, is knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of her plea.

It is therefore **RECOMMENDED** that defendant Frankie Valenzuela's guilty plea to count one of the Information be accepted. Decision on acceptance or rejection of the plea agreement was deferred

for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information and her attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

June 26, 2007                                s/Norah McCann King
                                             Norah McCann King
                                             United States Magistrate Judge